EDWARD SMITH v. R. L. GODWIN et al.

(Filed 16 October, 1907).

1. **Negotiable Instruments—Past Due—Endorsement—Securities—Title.**
Y. held the note of H., secured by mortgage on land. H. subsequently conveyed the land to Y. by an absolute deed, and obtained a receipt in full. Y. retained possession of the note and mortgage, the latter remaining uncancelled of record. On the same day Y. conveyed the land to V. by deed, reciting a consideration, followed by a provision that all thereof which had not been paid should constitute a lien on the land. Thereafter Y., for a valuable consideration, executed a promissory note to plaintiff, and endorsed as security therefor the note, then past due, he held of H., secured by the mortgage: *Held*, in an action to recover of the defendant V. the balance due on the purchase price of the land described in the H. mortgage, that, in equity, the endorsement of Y. to the plaintiff of the note of H. passed the title to the note, with the right to the mortgage security as an incident.

2. **Bankruptcy—Trustee—Assets, Rights in.**
A trustee in bankruptcy, in the absence of fraud, takes the assets of the bankrupt subject to rights, liens and equities existing against them in the hands of the bankrupt.

3. **Bankruptcy—Securities—Sale—Demand.**
A creditor of the bankrupt estate, holding several kinds of securities for the debt, can, in the absence of demand, realize on them in the order he prefers.

4. **Power of Court—Verdict, Set Aside—Issue, Irrelevant.**
It is not error in the court below to set aside a verdict on an issue irrelevant to the inquiry.

CIVIL ACTION, tried before *Peebles, J.,* and a jury, at November Term, 1907, of the Superior Court of HARNETT County.

The facts, as shown by the pleadings, admissions and verdict, are: E. F. Young held a note against one B. F. Hamilton, secured by a mortgage on land in Harnett County, for $1,256, dated 7 March, 1896, subject to certain endorsed credits. On 7 January, 1902, the note being past due, Ham-

ilton, for the purpose of paying the note and discharging .the mortgage, executed an absolute deed for the land to Young, who gave him a receipt in full, but retained possession of the note and mortgage.   On the same day, 7 January, 1902, Young executed a deed for the land to defendant W. R. Vann. The consideration recited in the deed was $3,100, followed by the following provision: "It is distinctly understood and agreed between the parties hereto that only the sum of $1,692.05 of the consideration of $3,100, above written, has been paid, and that this deed shall become operative as a fee simple deed of conveyance only from and after the payment of said balance in full, with interest."   On 1 March, 1904, Vann paid Young on account of the balance due $1,014.24, leaving due at the time of the trial $746.76.   The deeds from Hamilton to Young, and from Young to Vann, were recorded subsequent to. 3 February, 1903, as was the cancellation of record of the mortgage from Hamilton to Young.   On 2 February, 1902, Young executed to plaintiff for a valuable consideration his promissory note for $1,000, due 1 November, 1902, no part whereof has been paid.   On 3. February, 1903, Young endorsed to plaintiff as collateral security for said note the Hamilton note, and transferred the mortgage executed to secure the same.   There was apparently due on said note at that time $1,053.96.   On 4 June, 1904, Young was duly adjudged a bankrupt, and defendant Godwin and others appointed his trustees.   Plaintiff has not proven his debt against Young.   At the time of the transfer of the Hamilton note and mortgage, Young, for the same purpose, transferred to plaintiff certain shares of stock in incorporated companies. Plaintiff in this action seeks to recover of defendant Vann the balance due on the purchase price of the land described in the Hamilton mortgage conveyed to him by Young.   He avers that by the transfer of the note he acquired an equitable lien on the debt.   Defendant Vann is ready to pay the amount as the Court may adjudge.   Defendants, trustees, insist—first, that plaintiff took the note after maturity and subject to all

infirmities and defenses attaching thereto in the hands of
Young; second, that they took the debt, as trustees, free from
any liens or equities attaching to Young's title; third, that in
any event plaintiff cannot recover the debt until he accounts
for the value or the amount which he ought by due diligence
to have realized from a sale of the stocks.   His Honor, being
of the opinion that there was no evidence that Young, or his
trustees, had notified plaintiff to dispose of the stocks; he could
not compel him to account for their value before realizing on
the Vann debt; that they could at any time demand the return
of the stocks by paying the note; he therefore declined to sub-
mit an issue in regard to the sum which Young could have
realized by a sale of the stocks.   Defendants duly excepted
to these rulings.   From the judgment rendered the trustees
appealed.

*J. C. Clifford* and *Rose & Rose* for plaintiff.
*Godwin & Townsend* and *R. L. Godwin* for defendants.

CONNOR, J., after stating the case: It is conceded, as con-
tended by defendants, that, as against Hamilton, the plaintiff
took the note by endorsement from Young, subject to defenses
accruing to him by reason of the execution of the deed of
7 January, 1902, and the receipt by Young.   He could not
have maintained an action on the note against Hamilton.
This question, however, is not involved here.   When Young
endorsed the note, although past due, to plaintiff, he war-
ranted that it was genuine—that he had a good title to it;
that he had no knowledge of any fact which would impair its
validity or render it valueless, and that on presentment it
would be paid.   Revisal, secs. 2214, 2215.   Hence, his title
to the note and his right to demand all securities which Young
held are clear.   While the record presents a peculiar state of
facts, we can see no good reason why the same equitable prin-
ciples which carry to the purchaser of a note all securities
held by the assignor for its payment may not be invoked by

plaintiff. Certainly, in good conscience and equity, Young should be treated as holding such security for the benefit of his assignee. The principal having passed, the incident goes with it. This is elementary. Hamilton was entitled to demand of Young the surrender of his note and cancellation of the mortgage. He permitted him, however, to retain the one and leave the other open upon the record. When Young sold to Vann he expressly retained a lien upon the land to secure the unpaid balance of the purchase money. This represented, in Young's hands, the note and mortgage which he held against Hamilton. A court of equity, which always disregards mere form, so that substantial justice will be done, finds no difficulty in treating Young as a trustee for plaintiff in respect to the amount due by Vann. Defendants insist that, however this may be as against Young, they take under the bankrupt law title to the debt, free from such equity, or, to state their contention in the language of their well-considered brief, "When they were appointed trustees of Young's estate, and were by operation of law vested with the title to Young's property, they took that title which Young could, prior to his adjudication in bankruptcy, have transferred to an innocent purchaser for value." In considering this question, the fact that Hamilton's note was overdue and open to defense by him is immaterial. Plaintiff, as against Young, acquired a perfect *title* to the note. This being true, we are unable to see how his subsequent bankruptcy in any manner affected plaintiff's title, either to the note or any securities which Young held for its payment. We do not think plaintiff's right grows out of an estoppel; but equity, regarding that as done which ought to have been done, treats the Vann debt as having been transferred to plaintiff as incident to the transfer of the note, or, which amounts to the same thing, considers Young as trustee for the plaintiff. Whether if Young had, for value and without notice of such trust, transferred the Vann debt to a purchaser, plaintiff would have been without remedy, is not presented here. While there is some appa-

rent confusion in the decisions of the Federal District and Circuit Courts upon the question, we find that the Supreme Court of the United States has held that the trustees in bankruptcy take the assets of the bankrupt subject to rights, liens and equities existing against them in the hands of the bankrupt. In *Thompson v. Fairchild,* 195 U. S., 516, it is said: "Under the present bankrupt act the trustee takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it, and subject to all equities impressed upon it in the hands of the bankrupt." *Manufacturing Co. v. Cassell,* 201 U. S., 344. The result of the decisions is thus stated in 5 Cyc., 341: "The trustee becomes vested with the same kind of a title as though he were a purchaser, but such title is subject to all the rights and equities existing in favor of third persons against the bankrupt." *Bank v. Iron Co.,* 102 Fed. Rep., 755. The same principle has been recognized by this Court in regard to assignees of property to secure the payment of existing debts. In *Potts v. Blackwell,* 56 N. C., 449, *Pearson, J.,* speaking of the title acquired by such assignees, says: "It would seem that they take subject to any equity that attached to the property in the hands of the debtor, and cannot discharge themselves from it on the ground of being purchasers without notice." This cause was reheard, and, after most exhaustive argument by counsel of marked learning, affirmed. It has been uniformly followed in this Court, and is sustained by reason (57 N. C., 58). While there are some apparently conflicting rulings in the bankrupt courts, we think that they are more apparent than real, being controlled frequently by local statutes regarding registration of deeds and mortgages. No question of that kind is presented in this case. Plaintiff did not acquire any interest in the land sold to Vann, but became entitled to the debt for the purchase money. It will be observed that, at the date of the assignment to plaintiff, the mortgage from Hamilton had not been cancelled nor the

deeds from Hamilton to Young, or Young to Vann, recorded. So far as plaintiff's knowledge or information extended, the Hamilton note and mortgage were intact. This fact shows the strength of his equity against Young, and equally so against his trustees.

The next exception made by defendants involves the right of plaintiff to recover in this action before disposing of the stocks transferred to him. We can perceive no reason, in the absence of a demand upon him to do so, why he may not realize on either of his securities in the order which he prefers. It is conceded that the amount recovered by him in this action is insufficient to discharge his note. The trustees of Young are entitled, if so advised, to have an accounting of the fund in plaintiff's hands, to the end that they may either have the stocks sold, and the balance, after paying plaintiff's note, paid to them; or, we presume, by an order of the bankrupt court, they may redeem the stocks and dispose of them for the benefit of the estate. Discussing the duty of a pledgee of stocks to secure debts, *Mr. Justice Blatchford,* in *Culver v. Wilkinson,* 145 U. S., 205, says: "A sale, in the absence of a request to sell, or the commencement of a suit, was not compulsory, but was at the discretion of the pledgee." We concur in the opinion of his Honor—*Lake v. Little Rock Trust Co.,* 3 L. R. A. (N. S.), 1199—that "Young had a right to pay plaintiff's note and take back his collaterals, or he could have instructed plaintiff to sell them." This right passed to his trustees. Neither he nor they did so. There is no suggestion of any other breach of duty on the part of plaintiff in respect to the stocks. Upon a careful examination of the record, with the aid of the well-prepared briefs and arguments of counsel, we find no error. It was in the sound discretion of his Honor to set aside the verdict on the eleventh issue; and, as we have seen, in the absence of any notice to sell, the issue was unnecessary.

The judgment must be

Affirmed.