H. F. WALTER AND THE FIRST NATIONAL BANK OF KINSTON, N. C., v. J. L. KILPATRICK AND G. G. MOORE, TRUSTEE.

(Filed 24 March, 1926.)

1. **Bills and Notes—Negotiable Instruments — Statutes — Mortgages— Trusts—Deeds and Conveyances—Acceleration of Maturity—Nonpayment of Interest.**

    The negotiability of notes in series each containing an unconditional promise to pay a certain sum of money at a fixed future time to the order of a specified person, C. S., 2982, 2985, is not affected by provisions stated therein that they are secured by deed in trust on or mortgages of certain lands, C. S., 2986, or the expressed condition contained in the mortgage accelerating the maturity of each and all of the notes upon nonpayment of interest on any of them, when it is due and payable.

2. **Bills and Notes—Maturity Accelerated—Determinable Issue.**

    An instrument payable on or before a fixed date is negotiable under the provisions of C. S., 2985, and is not affected by C. S., 2982(3), requiring that it be payable at a determinable future time.

**3. Same—Qualified Endorsement—Warranty.**

The endorsement of a note "without recourse" does not impair the negotiability of the instrument, but qualifies the endorsement (C. S., 3019), by which the endorser warrants only the genuineness of the instrument; that he had a good title; that he and prior endorsers had capacity to contract; that he had no knowledge of any fact which could impair its validity or render it valueless. C. S., 3046.

**4. Same—Presentment—Dishonor.**

Where one has acquired a negotiable instrument by an endorsement by a holder without recourse, there is no implied warranty on the part of such endorser that the instrument would be paid by the maker on presentment according to its tenor, or that if the necessary proceedings upon dishonor should be taken he would be liable thereon.

**5. Same—Mortgages—Trusts—Priorities—Registration—Notice.**

A prior registered mortgage on lands given for the security of notes in series, is notice to the holders of the notes of conditions agreed upon between the original parties as to priority of payment of some of the notes in the series over other notes therein, and such priorities of payment are enforceable against the others in realizing upon the securities in a sale of the mortgage premiums, without affecting the negotiable qualities of the notes thus secured.

**6. Same—Priority of Payment—Breach of Warranty.**

The endorser without recourse of one or more of negotiable instruments in series, does not breach his warranty as such endorser by a provision in a prior registered mortgage securing their series of the notes, giving other of the notes in the series a preference in payment out of the proceeds in the sale of the mortgaged lands.

**7. Same—Waiver—Option—Estoppel.**

Where some of a series of negotiable notes are given priority of payment in a registered mortgage, and others without such priority are endorsed without recourse by the original payee, the latter is not estopped from insisting upon his right of priority of the other notes so secured, and such is a matter of his option.

APPEAL by plaintiffs from *Barnhill, J.,* at November Term, 1925, of LENOIR. No error.

Action to enjoin and restrain sale of land, under power of sale contained in deed of trust, to reform said deed by striking therefrom a provision relative to priority in payment of the first three notes secured therein from proceeds of sale of land conveyed thereby, and for judgment that all the notes secured by said deed of trust shall be paid equally and ratably from proceeds of sale by trustee or by commissioner under decree of foreclosure.

On 1 November, 1919, H. C. White conveyed to G. G. Moore, trustee, a tract of land, situate in Lenoir County, to secure the payment of six notes, executed by him, and payable to the order of J. L. Kilpatrick, the consideration for said notes being the balance due on the purchase

price of said land, sold and conveyed by Kilpatrick to White, by deed of same date. Five of said notes, each for the sum of $5,539.88, became due, according to their tenor, successively, on 1 January, 1921 to 1925, inclusive; the remaining note for $391.20 becomes due on 1 January, 1926. Immediately upon the execution of said notes by H. C. White, defendant, J. L. Kilpatrick, payee named therein, endorsed the three notes, due 1 January, 1924, 1925 and 1926, respectively, without recourse, and transferred same for value, and before maturity to plaintiff, H. F. Walter; thereafter, the said H. F. Walter, for value, and before maturity, transferred the notes due on 1 January, 1924, and on 1 January, 1926, to his coplaintiff, the First National Bank of Kinston, N. C. At the date of the commencement of this action, to wit, 3 February, 1922, J. L. Kilpatrick was the holder, as payee, of the three notes, first maturing, and plaintiffs were the holders, as endorsers of the three remaining notes, as herein stated. Each of said notes contains on its face the following words: "This is one of a series of notes secured by deed of trust or mortgage and it is agreed that the failure to pay any note or interest when due shall cause all to become due and payable immediately." Interest on all of said notes to 1 January, 1921, has been paid; no other or further payment has been made on any one of said notes.

The deed of trust, executed by H. C. White to G. G. Moore, trustee, and duly recorded, contains a provision in the following words: "In case of sale under the power, the first three notes shall have priority to the funds."

Plaintiffs, in their complaint, alleged that these words were inserted, after the execution of the deed of trust, by interlineation, without the knowledge or consent of plaintiffs; this allegation is denied by defendants. Plaintiffs further allege that the effect of said interlineation is to exclude plaintiffs from any participation in the proceeds of the sale of the land conveyed by the deed of trust, for the reason that said land, if sold now, would not bring a price more than sufficient to pay the three notes, first maturing; that if the first three notes, now held by J. L. Kilpatrick, shall first be paid in full out of the proceeds of the sale of the land, no sum will be left in the hands of the trustee to be applied on the payment of the remaining notes now held by plaintiffs.

Plaintiffs pray judgment that said provision be declared void, and that the holders of all said notes, secured in said deed of trust be declared entitled to payment from the proceeds of the sale of said land, equally and ratably.

The issue submitted to the jury was as follows:

"Was the deed of trust from White to Moore, trustee, recorded in Book 64, page 362, Lenoir registry, altered and changed after the

execution and delivery of said deed of trust and the notes thereby secured by inserting therein the clause, 'In case of sale under the power, the first three notes shall have priority to the funds,' as alleged in the complaint? Answer: 'No.' "

From judgment, declaring (1) that the deed of trust, as recorded, containing the provision recited in the issue, is valid and binding as to all its terms, as same appear therein, (2) that the first three notes, held by J. L. Kilpatrick, are entitled to priority in payment out of the proceeds of the sale of the land under the power of sale, contained in the deed of trust, (3) that the notes held by plaintiffs, are entitled to participate in the proceeds of said sale, only after the payment in full of the notes held by J. L. Kilpatrick, and (4) that the order heretofore entered, enjoining and restraining the sale of the land by the trustee be dissolved, plaintiffs appealed to the Supreme Court.

*Rouse & Rouse and F. E. Wallace for plaintiffs.*
*Cowper, Whitaker & Allen and Sutton & Greene for defendants.*

CONNOR, J. The notes held by plaintiffs and defendants, at the commencement of this action—executed by H. C. White, each containing an unconditional promise to pay a certain sum of money, at a fixed future time, to the order of J. L. Kilpatrick—are in form negotiable instruments. C. S., 2982, 2985. The recital on the face of each note, to wit: "This is one of a series of notes secured by deed of trust or mortgage" does not affect the negotiable character of the notes. C. S., 2986. *Trust Co. v. Leggett,* 185 N. C., 65, 29 A. L. R., 709 n; *Critcher v. Ballard,* 180 N. C., 111; *Zollman v. Jackson Trust & Sav. Bank,* 32 L. R. A. (N. S.), 858, with note; nor do the words in said recital, "and it is agreed that the failure to pay any note or interest when due shall cause all to become due and payable immediately" render the notes nonnegotiable. The agreement is valid. *Trust Co. v. Duffy,* 153 N. C., 62. Acceleration of the maturity of a note, or of notes in a series, as the result of the failure of the maker to pay interest, or to pay one of the notes of said series, when same becomes due, according to the tenor of the note or notes, by virtue of an agreement to that effect, appearing in the face of the note, or notes, does not make the note, or notes of the series, payable upon a contingency, and therefore nonnegotiable, within the meaning of C. S., 2985. The agreement for acceleration may be enforced as against the maker by the holder of the note or notes in the series, at his option. *White v. Hatcher* (Tenn.), 188 S. W., 60; *Chicago Railway Equipment Company v. Merchants National Bank,* 136 U. S., 34, L. Ed., 349; *Wilson v. Campbell,* 110 Mich., 580, 68 N. W., 278, 35 L. R. A., 544; *Clark v. Skeen,* 61 Kan.,

526, 60 Pac., 327, 49 L. R. A., 190. An instrument payable on or before a fixed date is, by statute, C. S., 2985, payable at a determinable future time, within the meaning of C. S., 2982(3).

A provision for the acceleration of the maturity of a note, or of notes in a series, upon default of the maker, is not automatic; such acceleration is at the option of the holder or holders of the note or notes; the option may be exercised by a holder only upon default by the maker. By paying the interest when due, or by paying each note of the series, as it matures, in accordance with his promise, the maker can deprive the holder of any and all rights under the agreement for acceleration; the right to acceleration may be waived by the holder of the note or notes, containing the agreement. An action upon a note accrues, at its maturity, according to its tenor, notwithstanding a provision for acceleration, if acceleration is waived or not enforced by the holder. 13 R. C. L., 909, sec. 97; 8 C. J., p. 138, sec. 237-242, p. 415, sec. 610.

The notes held by plaintiffs were endorsed by J. L. Kilpatrick, payee named therein, who wrote above his signature on the back of each note, the words, "without recourse." This is a qualified endorsement; its effect is to constitute the endorser a mere assignor of the title to the note, which he held at the date of the endorsement. It does not impair the negotiable character of the note so endorsed, C. S., 3019. *Bank v. Branson,* 165 N. C., 344; *Bank v. Hatcher,* 151 N. C., 359; *Evans v. Freeman,* 142 N. C., 61. By this qualified endorsement of the notes, J. L. Kilpatrick warranted (1) that the instrument is genuine and in all respects what it purports to be, (2) that he had a good title to it, (3) that H. C. White, the maker, and the only prior party thereto, had capacity to contract, and (4) that he had no knowledge of any fact which would impair the validity of the note or render it valueless. C. S., 3046; *Smith v. Godwin,* 145 N. C., 242. He did not engage by his qualified endorsement that, on due presentment, the note would be paid, according to its tenor, or that if the note was dishonored and the necessary proceedings on dishonor should be taken, he would pay the amount thereof to the holder of the note, C. S., 3047. His liability to plaintiffs on said notes is that of a qualified endorser; not that of a general endorser.

When plaintiffs became the holders of these notes, for value and before maturity, by virtue of the transfer of the same by the qualified endorsement of J. L. Kilpatrick, each note carried with it the personal credit of H. C. White, the maker, in support of his promise; *Trust Co. v. Leggett, supra.* Plaintiffs are holders of said notes, in due course; in their hands, the notes are free from any defect in the title of J. L. Kilpatrick, and free from defenses available to H. C. White as against J. L. Kilpatrick. They may enforce payment of each of said notes,

according to its tenor, for the full amount, C. S., 3038. There is no contention upon this appeal, that there has been a breach of any of the warranties made by J. L. Kilpatrick, as a qualified endorser, to the plaintiffs as subsequent holders of the notes.

In addition to the personal credit of H. C. White, upon which plaintiffs may rely to enforce payment of the notes, each note is secured in the deed of trust executed by H. C. White, conveying the land described therein to G. G. Moore, trustee. The security for each note transferred by J. L. Kilpatrick, as a qualified endorser, passes with the note, as an incident thereto, to subsequent endorsers. This is elementary. *Smith v. Godwin, supra.* This security arises from and is determined by the provisions of the deed of trust executed by H. C. White to G. G. Moore, trustee, contemporaneously with the execution of the notes. The notes recite on their face that they are secured in a deed of trust; the deed of trust was duly recorded.

Plaintiffs, as subsequent endorsees, are entitled to the benefit of all security, which the payee and endorser had for the payment of the notes, at the time of the endorsement—neither more nor less. To the extent to which they relied upon the deed of trust, they took the notes subject to all its terms and provisions; by the express provision of the deed of trust, the three notes, secured therein, first maturing and remaining in the hands of J. L. Kilpatrick, had priority upon the funds arising from the sale of the land conveyed therein; payment of these notes, endorsed by J. L. Kilpatrick, who thereby assigned his title thereto, and now held by plaintiffs, who claim title under the qualified endorsement, with notice of such provision, at least, by virtue of the registration of the deed of trust, cannot be enforced, out of said funds, until the payment in full of the three notes first maturing, now held by defendant, J. L. Kilpatrick. The jury has found that the provision relied upon by J. L. Kilpatrick was not inserted in the deed of trust after its execution and delivery. The provision is valid as between the payee of the first three notes and the holders of the remaining notes who acquired their title under the qualified endorsement of the payee. There is no error in the judgment.

The fact that the notes, held by plaintiffs, are postponed as to payment from funds derived from the sale of the land, conveyed by the deed of trust, for the purpose of securing these notes, as well as the notes held by J. L. Kilpatrick, cannot be held to impair their validity, or to render them valueless in breach of his warranty as a qualified endorser. The knowledge of this fact by the qualified endorser is not a breach of warranty by him in the negotiation of the notes. There is evidence upon this record that H. F. Walter had actual notice of the provision in the deed of trust relative to the priority of the first three

notes secured therein; the First National Bank of Kinston, N. C., had constructive notice at least of the provision, from the registration of the deed of trust; the recital on the face of the notes, at the time they were transferred to the bank, certainly was sufficient to put the bank upon notice as to any terms and provision in the deed of trust, affecting the security therein for the payment of the notes; if the bank relied upon the deed of trust, in purchasing the notes, it should have ascertained its terms and provisions.

The evidence offered at the trial tends to show that the notes held by plaintiffs were endorsed and assigned by J. L. Kilpatrick to H. F. Walter, pursuant to an agreement entered into between them prior to the execution of the notes and of the deed of trust; that the provision with respect to the priority in payment, upon the foreclosure of the deed of trust, of the first three notes, which under the agreement, were to be retained by J. L. Kilpatrick, was a part of this agreement and was inserted in the deed of trust with the actual knowledge of H. F. Walter. He subsequently assigned two of the notes to his coplaintiff, the First National Bank of Kinston, who holds the same as his assignee. It does not appear whether he is liable as an endorser, either general or qualified, to his coplaintiff. J. L. Kilpatrick, by his qualified endorsement, gave notice to all subsequent endorsees and holders that he assumed no liability on the notes except for a breach of the warranties which by statute accompanied his qualified endorsement. He made no warranty as to the value of the security for the payment of the notes. He cannot be held to be estopped from setting up and insisting upon his rights to priority under the express provision of the deed of trust. There is

No error.