E. H. AND J. A. MEADOWS COMPANY AND E. H. MEADOWS, TRUSTEE, AND W. W. GRIFFIN, TRUSTEE, AND THE FIRST NATIONAL BANK OF NEW BERN, v. A. L. BRYAN, ADMINISTRATOR OF MERRILL BRYAN, DECEASED.

(Filed 28 March, 1928.)

**1. Limitation of Actions—On Foreclosure of Mortgage—When Begins to Run Against Holder of Notes in Series—Option of Acceleration.**

Where notes are given in series, secured by a mortgage on lands providing that upon the nonpayment at maturity of each as they became due all of them were to become due and payable, it is at the option of the mortgagee to enforce the sale upon the happening of the event so specified, and when the mortgagee has not exercised his option, the statute of limitations would apply as from the due date of each note in the series, as if the provision for the acceleration of the payment had not been incorporated in the mortgage.

**2. Bills and Notes—Notes in Series—Option of Holder as to Acceleration —Waiver and Presumption of Waiver.**

When it does not appear that the mortgagee in a mortgage on lands securing the payment of notes in series has exercised his option to foreclose under a provision making all the notes payable upon the failure of the maker to pay any of them at maturity, the presumption is that he has waived his right to do so, will not be held, on that account, to bar his right to foreclose under the power of sale therein contained.

**3. Judgments—Conclusiveness of Adjudication—Persons Concluded.**

A judgment in a suit to enjoin the foreclosure sale under mortgage against the administrator of the deceased mortgagor is not *res adjudicata* as to the heirs at law of the deceased who have not been made parties.

**4. Limitations of Actions—On Foreclosure of Mortgage—Extent Foreclosure Barred in Notes in Series—Marshalling.**

Where the owner of two separate tracts of land has given a mortgage on both, on one to secure notes in series, and against some of the notes the statute of limitations against foreclosure has run, the holder of the first lien is only entitled out of the proceeds of sale of the other tract to receive payment as far as the same may extend on the notes that have not been barred, as against the holder of a second mortgage lien on the second tract of land.

APPEAL by plaintiffs from *Harris, J.,* at October Term, 1927, of CRAVEN. No error.

Action to restrain and enjoin defendant from selling, under the power of sale contained in a mortgage deed from E. W. Bryan to Merrill Bryan, his intestate, lands described therein, upon the allegation (1) that the notes secured by the mortgage have been paid, or (2) if said notes have not been paid, that the power of sale contained in the mortgage deed has become inoperative, under C. S., 2589, for that an action to foreclose said mortgage would be barred by the statute of limitations, C. S., 437, subsection 3.

From judgment on the verdict, dissolving a restraining order issued herein, and thereafter continued to the hearing, and authorizing defendant to execute the power of sale contained in the mortgage deed, plaintiffs appealed to the Supreme Court.

*Ward & Ward and Guion & Guion for plaintiffs.*
*T. D. Warren and H. P. Whitehurst for defendant.*

CONNOR, J. On 23 January, 1914, E. W. Bryan and his wife, Minnie Bryan, executed a mortgage deed, by which they conveyed to Merrill Bryan two tracts of land, one containing 14 acres and the other 40 acres, both situate in Craven County, to secure the payment of eight notes of even date therewith, executed by the said E. W. Bryan, under seal, and aggregating the sum of $1,600. Each of said notes is for the sum of $200. They are due and payable, according to their tenor, in succession, on the first day of January, 1915, and on the first day of January of each year thereafter, up to and including the year 1922. There is no provision in said notes, or in either of them, by which their maturity is accelerated, upon default in the payment of any one of the notes, when it shall become due, according to its tenor, nor is there any reference in the notes to the provision in the mortgage deed by which all said notes shall become due and the power of sale executed by the mortgagee upon such default. The mortgage deed contains a provision by the terms of which, upon default in the payment of any one of said notes, "The entire debt shall be due and payable, and the parties of the first part in such case do hereby authorize and fully empower the said party of the second part, his heirs, executors, administrators and assigns to sell" the lands conveyed by the mortgage deed, at the courthouse door in New Bern, N. C., after advertising, etc.

The said mortgage deed from E. W. Bryan and his wife, Minnie Bryan, to Merrill Bryan, was duly recorded in the office of the register of deeds of Craven County on 23 February, 1914.

During the year 1923 E. W. Bryan executed and delivered to W. W. Griffin, trustee, a deed of trust for the purpose of securing the payment of his note to the National Bank of New Bern for the sum of $500; during the said year the said E. W. Bryan also executed and delivered to E. H. Meadows, trustee, a deed of trust for the purpose of securing the payment of his note to E. H. and J. A. Meadows Company for the sum of $5,473.24. The tract of land, containing forty acres, conveyed by the mortgage deed to Merrill Bryan, is conveyed to said trustees respectively by each of the said deeds of trust. Both said deeds of trust have been duly recorded in the office of the register of deeds of Craven County.

Merrill Bryan died, intestate, during the year 1916. The defendant, A. L. Bryan has been duly appointed and has duly qualified as administrator *d. b. n.* of the said Merrill Bryan, deceased. E. W. Bryan died during the year 1925. His son, Edgar Ford Bryan, has been duly appointed and has duly qualified as administrator of the said E. W. Bryan.

Some time prior to 15 March, 1927, the defendant, A. L. Bryan, as administrator of Merrill Bryan, deceased, advertised the lands conveyed by the mortgage deed of E. W. Bryan to Merrill Bryan, for sale, on said day, at the courthouse door in New Bern, N. C. Thereupon this action was begun in the Superior Court of Craven County by the plaintiffs to have the defendant, A. L. Bryan, administrator of Merrill Bryan, restrained and enjoined from selling said lands under the power of sale contained in the mortgage deed from E. W. Bryan to Merrill Bryan. Plaintiffs allege that the notes secured by said mortgage have been paid; but that, if they have not been paid, the power of sale contained in said mortgage has become inoperative under C. S., 2589, for that an action to foreclose said mortgage deed would be barred by the statute of limitations, C. S., 437, subsec. 3, more than ten years having elapsed since the maturity of said notes, and E. W. Bryan, the mortgagor, and those claiming under him, having been ·in possession of said land since the date of the execution of said mortgage deed.

At the trial, in answer to issues submitted by the court, the jury found that the notes secured by the mortgage deed from E. W. Bryan to Merrill Bryan have not been paid, and that an action to foreclose the said mortgage would not have been barred by the statute of limitations. From the judgment in accordance with the verdict, dissolving the restraining order issued at the time of the commencement of this action, and thereafter continued to the hearing, and authorizing the defendant to sell the lands conveyed by the mortgage deed from E. W. Bryan to Merrill Bryan, under the power of sale contained in said mortgage, plaintiffs appealed to this Court.

The determinative question presented for decision by this appeal is, whether or not upon default in the payment of one of a series of notes, at its maturity, all of said notes being secured by a mortgage or deed of trust, containing a provision by the terms of which all said notes not due at the date of such default, shall become due and payable at such date, for the purpose of foreclosure, the statute of limitations—C. S., 437, subsec. 3—applicable in an action to foreclose the mortgage or deed of trust, begins to run from the date of such default, when the holder or holders of said notes has taken no action, under the provision for the acceleration of the maturity of said notes contained in the mortgage or deed of trust, with respect to such acceleration.

C. S., 437, subsection 3, provides that an action for the foreclosure of a mortgage or deed of trust for the benefit of creditors, with a power of sale, of real property, where the mortgagor or grantor has been in possession of such property, must be commenced within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same. If the question above stated must be answered in the affirmative, then a power of sale contained in a mortgage or deed of trust becomes inoperative at the expiration of ten years from the date of default in the payment of any one of a series of notes secured by a mortgage or deed of trust, containing a provision for the acceleration of the maturity of notes, not due, according to their tenor, at the date of such default, and the mortgagee or trustee is without power to sell the land, under the power of sale where the mortgagor or grantor has been in possession of the land. C. S., 2589 is as follows: "The power of sale of real property contained in any mortgage or deed of trust for the benefit of creditors shall become inoperative, and no person shall execute any such power, when an action to foreclose such mortgage or deed of trust for the benefit of creditors would be barred by the statute of limitations."

There is no provision in the notes executed by E. W. Bryan and payable to Merrill Bryan, by the terms of which the maturity of the notes, not due according to their tenor, is accelerated upon default in the payment of any one of said notes; the provision for the acceleration of the maturity of said notes is contained in the mortgage, securing the same. This provision is applicable, therefore, only to the foreclosure of such mortgage, under the power of sale, or by civil action. The principle as stated in the opinion in *Walter v. Kilpatrick,* 191 N. C., 458, is, however, applicable to the facts in the instant case. In the opinion in that case it is said: "A provision for the acceleration of the maturity of a note or of notes in a series, upon default of the maker, is not automatic; such acceleration is at the option of the holder or holders of the note or

26—195

notes; the option may be exercised by a holder only upon default by the maker. By paying the interest when due, or by paying each note of the series, as it matures, in accordance with his promise, the maker can deprive the holder of any and all rights under the agreement for acceleration; the right of acceleration may be waived by the holder of the note or notes, containing the agreement. An action upon a note accrues, at its maturity, according to its tenor, notwithstanding a provision for acceleration, if acceleration is waived or not enforced by the holder. 13 R. C. L., 909, sec. 97; 8 C. J., p. 138, sec. 237-242, p. 415, sec. 610."

A provision in a mortgage or deed of trust by the terms of which the maturity of a note or of notes secured thereby, is accelerated, for the purpose of foreclosure, upon a default of the maker, confers upon the mortgagee or trustee an option to foreclose, at the date of such default, by the exercise of a power of sale, contained in the mortgage or deed of trust, or by civil action. This option may be waived by the mortgagee, or by the holder of the notes secured by the deed of trust. In the absence of evidence tending to show some action on the part of the mortgagee, or on the part of the holder of the notes, pursuant to the provision for the acceleration of the maturity of notes not due according to their tenor, at the date of the default, such waiver will be conclusively presumed. In that event the statute of limitations will not begin to run from the date of such default, and an action to foreclose said mortgage or deed of trust will not be barred, until after the expiration of ten years from the maturity of all the notes secured thereby, notwithstanding the provision for the acceleration of the maturity of notes not due at date of such default. A power of sale contained in a mortgage or deed of trust may be exercised at any time within ten years after the maturity of any note, secured by the said mortgage or deed of trust, according to its tenor, for the purpose of enforcing its payment out of the proceeds of a sale of the land.

The foregoing statement of the law applicable to a decision of the question presented by this appeal is in accord with authoritative decisions of this Court.

In *Scott v. Lumber Co.*, 144 N. C., 44, *Clark, C. J.*, in disposing of a contention of the plaintiffs in that case that a power of sale had become inoperative at the time it was exercised, because of the lapse of ten years after the date of a default in the payment of interest on the note, secured by the mortgage, says: "It is true there was also power of sale for default in payment of annual interest, but it does not appear that there was such default, and, if shown, the sale being optional, there could be no foundation for the running of the statute till 1893 (when the note matured according to its tenor), independent of the ruling in *Menzel v.*

*Hinton,* 132 N. C., 660, that there is no limitation as to power of sale (since changed by statute, C. S., 2589)."

In *Cone v. Hyatt,* 132 N. C., 810, *Walker, J.,* referring to a provision in a mortgage for the acceleration of the maturity of the debt secured thereby, upon a default of the debtor, quotes with approval from the opinion in *Lowenstein v. Phelan,* 17 Neb., 430, the following words:

"The provision, however, is for the benefit of the mortgagee to enable him to procure the money loaned at the time it was agreed to be paid. If the mortgagee so desires, he may institute an action upon default to foreclose, and upon obtaining a decree, have the premises sold. He need not do so, however. The stipulation being for his benefit, he may waive it without putting himself in default."

In *Capehart v. Dettrick,* 91 N. C., 344, it was held that where a deed of trust, made to secure a series of notes, due at different times, provides that in default of the payment of the same, or of any part thereof, at maturity, the whole shall become due and payable, the only effect of the provision is to allow a foreclosure upon the default, and an application of the proceeds of a sale of the property to all the notes at once, and that default does not start the running of the statute of limitations against the notes not due at the date of the default.

The question presented for decision must be answered in the negative. Plaintiffs' assignment of error based upon exceptions to the charge of the court to the jury are not sustained. The jury were correctly instructed that upon all the evidence in this case the power of sale in the mortgage from E. W. Bryan to Merrill Bryan was not inoperative, under the statute—C. S., 2589—at the date of the commencement of this action.

There is a paragraph included in the judgment rendered by the Superior Court in this action by which it is ordered and adjudged "that the aforesaid notes and mortgage securing the same are valid and enforceable obligations against the estate of E. W. Bryan, and that they are not barred by the statute of limitations."

Neither the administrator nor the heirs at law of E. W. Bryan are parties to this action; this adjudication is therefore not *res adjudicata* as against said administrator or heirs at law. Nor, as we interpret the language of the judgment, is the adjudication *res adjudicata* as against the plaintiffs, with respect to the proceeds of the sale of the tract of land containing forty acres. The first three notes, secured by the mortgage from E. W. Bryan to Merrill Bryan, matured more than ten years before the commencement of this action; they are therefore barred by the statute of limitations and cannot be paid out of the proceeds of a sale of the forty-acre tract, as against the plaintiffs, claiming under liens subsequent to the mortgage. *Graves v. Howard,* 159 N. C., 594.

If upon the foreclosure of the mortgage from E. W. Bryan to Merrill Bryan the tract of land, containing fourteen acres, which is not included in either of the deeds of trust, under which plaintiffs claim, does not bring a sum sufficient to pay the notes secured thereby, together with the costs and expenses of the sale, and it therefore becomes necessary to sell the forty-acre tract, then as against the plaintiffs, only the amount due on the five notes which were not barred by the statute of limitations at the date of the commencement of this action, may be paid out of the amount received for the said forty-acre tract. The judgment as thus interpreted by us is affirmed.

No error.