G. E. BROWN v. E. L. OSTEEN AND WIFE, ELLA M. OSTEEN.

(Filed 12 June, 1929.)

1. **Bills and Notes D a—Provision in mortgage for acceleration affects only foreclosure and not notes secured thereby in which no provision is made.**

Where there is no provision for acceleration in a series of notes secured by a mortgage on lands, but the mortgage itself provides that a failure to pay any of the notes or interest when due shall mature all the indebtedness thereby secured: *Held,* the provisions for acceleration appearing only in the mortgage affects only the right to foreclose the mortgage and does not affect the notes, and when action is taken before the maturity of some of the notes, as to them no recovery can be had.

2. **Election of Remedies A—Upon discovery of fraud the injured party is put to his election to disaffirm òr ratify contract.**

Where fraud is alleged in the transaction wherein a mortgage is given on lands involving the assumption thereof by a grantee of the equity of redemption, and there is evidence tending to show that the defendant by his acts and conduct with knowledge of the alleged fraud received the benefits: *Held,* he was put to his election within a reasonable time after he discovered the fraud or should have done so in the exercise of

reasonable diligence, to disaffirm his contract, and where he has not done so, and has received the benefits under the contract he may not successfully maintain his suit to cancel the contract, and ordinarily this is not open to him unless he is in a position to put the plaintiff in *statu quo.*

APPEAL by defendants from *Schenck, J.,* and a jury, at November Term, 1928, of HENDERSON. Modified and affirmed.

The plaintiff instituted this action against the defendants for the recovery of $2,166.66 and interest, the indebtedness represented by four notes or bonds under seal, dated Hendersonville, N. C., 24 May, 1926; one note due at 6 months for $541.66; one note due at 12 months for $541.66; one note due at 18 months for $541.66, and one note due at 24 months for $541.68, with interest after date at 6 per cent payable semiannually. All the notes or bonds with the exception as to when they become due, are like the first, which is as follows:

"$541.66. Hendersonville, N. C., 24 May, 1926.

Six months after date, without grace, we promise to pay to G. E. Brown ........................... or order, five hundred forty-one and 66/100........ dollars. For value received, payable at the office of the First Bank & Trust Co., Hendersonville, N. C. With interest after date at 6 per cent, payable semiannually. Protest, presentment and notice of dishonor or extension waived by all parties to this note.

(Signed)    E. L. OSTEEN     (Seal)<br>(Signed)    ELLA M. OSTEEN (Seal)

No.....................
Due............... ......................."

On 24 May, 1926, the plaintiff executed and delivered to defendants a deed to three lots 28, 29 and 30, in the White addition to "Mountain Home," on the property a house was built by plaintiff which he contended cost him $3,297.79. The defendants, to secure the purchase price, to wit, the four notes or bonds above set forth, executed and delivered to plaintiff a mortgage on said lots. The deed and mortgage were duly recorded in the office of the register of deeds for Henderson County.

The mortgage had this provision: "A failure to pay any part of the interest, or any note or any part thereof, when due, shall mature all the indebtedness secured by the mortgage." This action was instituted 14 July, 1927, when only two of the notes were due.

The defendants set up as a defense actionable fraud and tendered a deed back to plaintiff for the property. The plaintiff's reply was that the contract was ratified after knowledge on the part of the defendants of the actionable fraud. The undisputed evidence on this aspect was as

follows: Deed duly executed by defendants on 4 September, 1926, for lots 29 and 30 to Carl West. The said West, as a part of the consideration of the deed, assumed the payment of the following indebtedness as recited in the deed: "It is agreed as a part of the consideration for this conveyance that the party of the second part assumes and agrees to pay when due that deed in trust upon the 'within described property from G. E. Brown and wife, Mary C. Brown, to W. C. Meekins, trustee, which deed of trust is dated 24 March, 1926, securing notes as follows:

1 note for $416.67 dated 24 March, 1926, due 1 year from date.
1 note for $416.67 dated 24 March, 1926, due 2 years from date.
1 note for $541.66 dated 24 May, 1926, due 6 months from date.
1 note for $541.66 dated 24 May, 1926, due 12 months from date.
1 note for $541.66 dated 24 May, 1926, due 18 months from date.
1 note for $541.66 dated 24 May, 1926, due 24 months from date.

The last four notes made payable to G. E. Brown and wife, Mary C. Brown, payable at the First Bank and Trust Company, Hendersonville, N. C."

Defendants kept one lot, 28, and in addition to the assumption of the indebtedness by Carl West got from him two lots in Florida and one lot in Buncombe County, West Asheville. No cash was passed in this transaction. West sold the property to a Mr. Crabb, and defendants purchased the property back from Crabb and paid him $50.00. The property was rented by defendants, a sign "For Rent" was put on the property. Defendants collected $40.00 a month for three months. Defendants had work done on the house, and were offered $5.00 a month for the house without furniture, and rented it furnished. They had the woodwork to do over and had the plumbing fixed.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the defendants, E. L. Osteen and Ella M. Osteen execute to the plaintiff, G. E. Brown, the four several notes as alleged in the complaint? Answer: Yes.

"2. Has any payment been made on said notes by the said defendants, or either of them? Answer: No.

"3. Was the execution and delivery of said notes procured by false and fraudulent representations of the plaintiff, G. E. Brown, or his agent, as alleged in the answer? Answer: Yes.

"4. Did the defendants, with knowledge of the false and fraudulent representations of the plaintiff, ratify the execution and delivery of said notes, as alleged in the reply? Answer: Yes.

BROWN *v.* OSTEEN.

"5. What amount, if any, are the defendants, E. L. Osteen and wife Ella M. Osteen, indebted to the plaintiff, G. E. Brown? Answer: $2,166.66 with interest.

"6. Did the plaintiff, G. E. Brown, procure the payment of the $500, as a part of the purchase price of the land described in the complaint, by false and fraudulent representations, made by the plaintiff, G. E. Brown, or his agent, as alleged in the answer? Answer: .........

"7. In what amount, if any, is the plaintiff, G. E. Brown, indebted to the defendants, E. L. Osteen and Ella M. Osteen? Answer: ........."

The judgment of the court below was as follows: "This cause coming on to be heard before the undersigned judge of the Superior Court and a jury, at November Term, 1928, and issues having been submitted to the jury and answered as appear in the record. It is therefore, considered, ordered and adjudged that the plaintiff have and recover of the defendants and each of them the sum of two thousand one hundred and sixty-six and 66/100 dollars ($2,166.66), with interest thereon from and after 24 May, 1926, until paid and the costs to be taxed by the clerk."

The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*W. C. Meekins for plaintiff.*
*Ray & Redden and Blythe & Sheppard for defendants.*

CLARKSON, J. In *Meadows Co. v. Bryan,* 195 N. C., at p. 401, the law is stated as follows: "There is no provision in the notes executed by E. W. Bryan and payable to Merrill Bryan, by the terms of which the maturity of the notes, not due according to their tenor, is accelerated upon default in the payment of any one of said notes; the provision for the acceleration of the maturity of said notes is contained in the mortgage, securing the same. This provision is applicable, therefore, only to the foreclosure of such mortgage, under the power of sale, or by civil action." *Walter v. Kilpatrick,* 191 N. C., 458.

As to the notes or bonds not due when this action was instituted, plaintiff's attorney frankly admits that the judgment should be modified, and we so hold.

The fourth issue is as follows: "Did the defendants, with knowledge of the false and fraudulent representations of the plaintiff, ratify the execution and delivery of the said notes, as alleged in the reply?" The defendants assign error as to the charge of the court below on this issue. We cannot so hold.

We have read with care the charge of the court below on this issue, both before and after the jury came into court and requested the court

to recharge the law on this particular issue. Taking the charge as a whole and not disconnectedly, we think the court below clearly and fully charged the law as repeatedly set forth in the decisions of this Court. On this issue, after giving the contentions fairly to both sides of the controversy, the court charged, in part: "Now, gentlemen of the jury, our courts have said, as late as the 191st Report, which was issued in the year 1926, and the court charges you that this is the law: 'In order to rescind, however, the party injured must act promptly and within a reasonable time of the discovery of the fraud, or after he should have discovered the fraud by due diligence, and he is not allowed to rescind in part and affirm in part; he must do one or the other. And as a general rule the injured party is not allowed to rescind where he is not in a position to put the other party in *statu quo* by restoring the consideration passed. Furthermore, if after discovering the fraud the injured party voluntarily does some act in confirmation (recognition) of the contract, his power to rescind is then at an end.' The court has read to you from the case of *McNair v. Finance Co.*, Book 191, at bottom page 718 of the N. C., Report." *May v. Loomis,* 140 N. C., at p. 359.

The exceptions and assignments of error are not in accordance with *Rawls v. Lupton,* 193 N. C., 428, but notwithstanding this, we have considered the material ones.

For the reasons given, the judgment of the court below is

Modified and affirmed.