## R. M. SANDERS v. J. B. HAMILTON ET AL.

### (Filed 28 April, 1948.)

**1. Bills and Notes § 24b: Mortgages § 30c (1)—**

An acceleration clause in a mortgage or deed of trust securing bonds or notes containing no such stipulation, operates on the secured bonds or notes to the extent of rendering the debt due for the purpose of foreclosing on default.

**2. Bills and Notes § 24b: Limitation of Actions § 6d—**

Where bonds or notes secured by mortgage or deed of trust are unconditional on their face and do not contain the acceleration clause set forth in the mortgage or deed of trust, the institution of foreclosure proceedings does not advance the maturity dates of the bonds or notes so as to affect the running of the statute of limitations against an action on the bonds or notes.

**3. Bills and Notes § 24b: Mortgages § 30c (1)—**

The *cestui*, upon default in the payment of one of a series of notes, instructed the trustee to foreclose. Purported sale was had but thereafter abandoned, and the *cestui* instructed the trustor to remain on the land, which he did. *Held:* This was an abandonment of the election to foreclose and restored the *status quo ante* in regard to the acceleration clause of the deed of trust.

APPEAL by defendants from *Pless, J.,* at November Term, 1947, of MECKLENBURG.

Civil action to recover on sealed promissory note.

On 24 December, 1926, the plaintiff conveyed to the defendants by warranty deed 228 acres of land in Pender County at an agreed price of $3,700. On the same day, the defendants, J. B. Hamilton and wife, Effie Hamilton, executed to the plaintiff their promissory notes, under seal, six of $500 each payable annually, in succession, on the first day of November thereafter, and one for $700 payable 1 November, 1933—all secured by purchase-money deed of trust on the land.

The tenor of the notes was that "On November 1 (each year from 1927 to 1933) we promise to pay to the order of R. M. Sanders ($500 the first six years and $700 the last) with interest thereon at the rate of 6% per annum, payable annually from date of this note until paid," duly signed and sealed by the makers.

In the deed of trust, given to secure the payment of the notes, is an acceleration clause to the effect that if default should occur in the payment of any note or interest thereon at the due date thereof, "then all of said bonds shall immediately become due and payable, and on application of the holder of any bond hereby secured or his or her assigns or other person who may be entitled to the money due on said bonds or any one of them, it shall be lawful for and the duty of the said J. R. Sanders, as Trustee, to advertise the land described in said Deed of Trust and sell same at public auction, for the payment of the notes secured by the same."

In the summer of 1928, nothing having been paid on the note due 1 November, 1927, the plaintiff instructed his attorney to foreclose the deed of trust. An attempted sale by "R. M. Sanders, Mortgagee"—not by J. R. Sanders, Trustee—was had on 27 August, 1928, but appears to have been abandoned as nothing more was done in the matter so far as the record discloses. The defendant, J. B. Hamilton, says he wrote the plaintiff, "and told him that I would move out, but he knew the condition I was in when I went there, and he advised me not to leave, but to stay on." This the defendants did, and they are still in possession of the land.

Thereafter, on 30 October, 1943, the plaintiff instituted this action to recover on the last sealed, promissory note of $700, due 1 November, 1933.

The defendants plead the ten-year statute of limitations, contending that plaintiff's attempted foreclosure in 1928, brought into play the acceleration clause in the deed of trust and started the running of the statute on the note in suit at that time.

There was a directed verdict in favor of the plaintiff, from which the defendants appeal, assigning errors.

*J. C. Sedberry and W. I. Gatling for plaintiff, appellee.*
*McRae & McRae for defendants, appellants.*

SANDERS v. HAMILTON.

STACY, C. J.   The question for decision is whether the due date of the note in suit was accelerated by plaintiff's instruction to foreclose the deed of trust, not only for the purpose of enforcing the lien, but also as affecting the statute of limitations in respect of the note.

It should be borne in mind that the acceleration clause appears only in the deed of trust, and not in the notes. Indeed, the notes are negotiable on their face with nothing to show they were secured by lien of any kind. A negotiable instrument in the course of trade is supposed to be a "courier without luggage"—Mordecai. Nevertheless, it is established by the decisions on the subject that an acceleration clause in a mortgage or deed of trust securing bonds or notes containing no such stipulation, operates on the secured bonds or notes, at least to the extent of rendering the debt due for the purpose of foreclosing on default. *Brown v. Osteen,* 197 N. C., 305, 148 S. E., 434; *Meadows Co. v. Bryan,* 195 N. C., 398, 142 S. E., 487; *Walter v. Kilpatrick,* 191 N. C., 458, 132 S. E., 148; *Miller v. Marriner,* 187 N. C., 449, 121 S. E., 770; *Barbee v. Scoggins,* 121 N. C., 136, 28 S. E., 259; *Whitehead v. Morrill,* 108 N. C., 65, 12 S. E., 894; *Capehart v. Dettrick,* 91 N. C., 344. Of course, if the acceleration clause appear on the face of the bonds or notes, the question presently presented would not arise. *Humphrey v. Stephens,* 191 N. C., 101, 131 S. E., 383.

The out-of-state cases on the subject are inharmonious. They divide on whether the debt evidenced by the bonds or notes is matured for purposes other than foreclosure. Annos. 34 A. L. R., 848; 34 A. L. R., 897; 161 A. L. R., 1211. Indeed, in our own decisions may be found some expressions difficult of reconciliation. *Bank v. Trust Co.,* 199 N. C., 582, 155 S. E., 261; *Gore v. Davis,* 124 N. C., 234, 32 S. E., 554; 34 A. L. R., 858.

The rationale of the North Carolina cases seems to be that where the bonds or notes are unconditional on their face, the acceleration clause in the mortgage or deed of trust given to secure their payment will operate to advance the maturity of the debt for the purpose of foreclosing on default, but not as affecting the running of the statute of limitations on the bonds or notes. *Brown v. Osteen, supra; Meadows Co. v. Bryan, supra; Walter v. Kilpatrick, supra; Dry-Kiln Co. v. Ellington,* 172 N. C., 481, 90 S. E., 564; 34 A. L. R., 897.

Moreover, it appears that following plaintiff's abortive attempt at foreclosure he advised the defendants "not to leave, but to stay on." This was an abandonment of the election to foreclose, and restored the *status quo ante.* 34 A. L. R., 899-900; 161 A. L. R., 1219.

In this view of the matter it would seem that the correct result was reached in the court below.

No error.