WILLIAM WHITEHEAD v. L. V. MORRILL et al.

*Assignor and Assignee—Mortgage—Priority—Contract.*

Where a mortgage to secure the payment of several notes, payable in successive yearly installments, contained a provision that, " upon the failure of any payment," the land should be sold, and after paying necessary expenses the proceeds should be applied "to the payment of the entire indebtedness" (of the mortgagor) " with interest thereon, whether the whole thereof be then due or not ": *Held*, (1) that upon the failure to pay any one of the notes at maturity, all became due; (2) that, as between the assignees of the notes, the funds arising from the sale of the mortgaged property must be distributed *pro rata*, irrespective of the time of assignment; but as between the payee and the assignee the latter would be entitled to be first paid.

This was a CIVIL ACTION, heard and determined before *Boykin, J*, at June Term, 1890, of PITT Superior Court.

On the 31st day of January, 1885, plaintiff sold and conveyed to defendant a certain tract of land in the county of Pitt, for which defendant promised and contracted to pay the plaintiff $12,500, which was evidenced by twelve bonds under seal for $1,000 each (except the last one to mature,

which was for $1,500), which bonds were due and payable January 1st, 1886, '87, '88, and so on to January 1st, 1896.

To secure the payment of these several bonds, the defendant executed, on the said 31st day of January, 1885, his mortgage deed, from which the following extract is taken :

"But if the said L. V. Morrill shall fail to pay off and discharge the said bonds when the same shall become due and payable, with the interest accrued and the costs and charges of drawing out and executing this instrument, then, upon the failure of any payment, the said William Whitehead shall" * * * * "and the proceeds of said sale shall apply—

"First, to the costs and charges of drawing and executing this instrument; and, second, to the payment of the entire indebtedness of the said L. V. Morrill to the said William Whitehead, with the interest thereon, whether the whole thereof be then due or not, and the residue thereof, if any there be after retaining a reasonable commission for services, shall pay over to the said L. V. Morrill, or his legal representatives."

Before the maturity of the bonds falling due January 1st, 1886 and 1888, the payee therein, William Whitehead, sold and transferred for value these two bonds to A. M. Moore, guardian to certain minor children. The said guardian having removed from the State, E A. Moye was appointed receiver of the estate of said wards, and, as such, he received into his possession, and now holds, the said two bonds.

Before the maturity of the bond falling due January, 1887, the payee William Whitehead sold and transferred said bond for value to one E. A. Beech, from whom it passed by subsequent transfer to F. G. James, who now holds the same.

The transfer of this bond to Beech was subsequent to the transfer of the two to Moore.

Subsequent to the transfer of the two bonds to Moore and the one to Beech, William Whitehead, the payee, sold and transferred the other nine bonds to Elliott Bros., which sale and transfer took place before the maturity of either one of said bonds.

William Whitehead brought his action to foreclose his mortgage against defendant, a decree of foreclosure was made, and A. M. Moore was appointed Commissioner to make sale. The lands brought only $6,000.

At March Term, 1890, the Commissioners made a supplemental report, in which they bring to the attention of the Court the controversy which had arisen among the holders of the bonds as to the distribution of the fund, and at said term a partial decree of distribution was made, in which the facts as to the transfer of the bonds to the holders thereof were found by the Judge, and the cause retained for a final decree.

Moye, receiver, and James, who had intervened and made themselves parties, appeared and insisted that their bonds should be paid in full. Elliott Bros. contended that as the fund was insufficient to pay all the bonds, the distribution should be made *pro rata*, without any regard to time of assignment His Honor held that the distribution should be *pro rata*, and a decree was entered to that effect. From this decree Moye, receiver, and James appealed to the Supreme Court.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for plaintiff.
*Messrs. T. J. Jarvis* and *T. F. Davidson*, for appellants.

CLARK, J.: By the terms of the mortgage from L. V. Morrill to William Whitehead, it was provided that, upon default in the payment of any of the bonds at maturity, the property therein conveyed could be sold by the mortgagee, after advertisement at the court-house door, for cash or credit, and

that the proceeds should be applied "first to the costs and charges of drawing and executing this instrument; and, second, to the payment of the entire indebtedness of the said L. V. Morrill to the said William Whitehead, with the interest thereon, whether the whole thereof be due or not." The three bonds first falling due were assigned to the appellants, the other nine to the appellees. The assignees are bound by the terms of the mortgage, and in this contest between them, by reason of the failure of the property to produce enough to pay all the bonds in full, it is hard to see how the Court could apply the proceeds otherwise than "to the entire indebtedness, whether the whole thereof be due or not," that is, *pro rata* to all the bonds. The validity of a provision in a mortgage, that upon default in the payment of any one bond at maturity all the bonds shall become due and payable, was sustained by this Court in *Capehart* v. *Dettrick*, 91 N. C., 344, citing *Howell* v. *Railroad*, 94 U. S., 463. And the very point now in issue was presented in *Kitchin* v. *Grandy*, 101 N. C., 86, in which it is held by SMITH, C. J., that upon a sale under a mortgage containing a similar provision, the proceeds should be applied *pro rata* to all the bonds, whether matured or not. In the absence of such provision in the mortgage a very different case might be presented, though the courts of different States differ as to this. 2 Jones Mort., 1701. But it was competent for the parties to insert the stipulation, and the assignees of the bond are bound by it. If the payee himself held the later bonds unassigned, in a contest between him and the holder of the earlier bonds assigned by him, the assignees of the earlier bonds would be entitled to be paid in full by virtue of the liability by reason of the endorsement. But here the contest is between two sets of assignees, and by the terms of the mortgage "the proceeds of the sale are to be applied to the entire indebtedness whether the whole thereof be due or not." The cases from other States cited by the distinguished coun-

sel of the appellant apply altogether to mortgages in which there was no such stipulation as in the present instance, and to cases in which the contest over the proceeds was between the assignee of certain of the bonds and the payee who held the others still unassigned. The authority of *Kitchin* v. *Grandy, supra,* is in our own Court. It is a very recent case, and "on all-fours." We would not feel at liberty, if so inclined, to disregard it upon the strength of precedents, even if equally in point, cited from other States.

But, in fact, their rulings agree with ours. Jones on Mortgages, § 1703, says: "When the mortgage provides that upon any default the whole mortgage debt shall become due and payable, then there can be no preference given to the holder of the note on which default was made over the holder of the note not then due, because by such default the whole debt became due at the same time. A *pro rata* distribution should then be made between the holders of different parts of the debt." And this is supported by numerous citations of authorities.

No error.