FIRST NATIONAL BANK OF GRAHAM, VA., v. R. J. HALL.

(Filed 7 November, 1917.)

1. Partnership—Evidence of Partnership—Admissions of Partner.

Where, in an action upon a note given by a partnership, one of the defendants denies he was a member of the firm, his declarations to the contrary made to the witness are competent, as also the testimony of a partner to prove the personnel of the firm, that defendant was a member thereof.

2. Partnership—Evidence—Statement of Solvency.

Where a defendant denies he was a member of a partnership sued on a note, his letter given to the plaintiff bank making statement showing the solvency of the partnership is competent evidence.

3. Partnership—Evidence—Bills and Notes—Renewal—Payment—Intent.

Where defendant denies he was a member of a partnership at the time the firm's note was given, the subject of the action, it is competent, when relevant, to show that the note in controversy was a renewal note, for a renewal note is not a payment of the old note unless so intended by the parties at the time.

4. Partnership — Dissolution — Withdrawal of Partner—Evidence—Contradiction.

Where a partnership note is sued on, and one of the defendants denies that he was ever a partner of the firm, it is competent, in contradiction, to show that he had advertised the dissolution by his withdrawal from the partnership.

5. Same—Notice of Creditors—U. S. Mail—Presumptions.

Where defendant denies liability on a partnership note, the subject of the action, by its having previously been dissolved, and that he had mailed personal notice of its dissolution to the plaintiff, with return card on the envelope, and the letter had not been returned, an instruction is correct, upon the evidence, that if the defendant properly addressed and mailed the notice, it established only a *prima facie* case of that fact.

CIVIL ACTION, tried before *Kerr, J.,* at January Term, 1917, of ALAMANCE, upon these issues:

1. Was the defendant R. J. Hall a member of the partnership of Hart, Hall & Co. on 21 March, 1912, 7 May, 1912, and 6 June, 1912? Answer: Yes.

2. Was there a dissolution of the firm of Hart, Hall & Co. by the withdrawal of R. J. Hall therefrom previous to 20 February, 1913? Answer: No.

3. If so, did the plaintiff have notice of such dissolution previous to 20 February, 1913? Answer: No.

4. In what amount, if any, is the defendant indebted to the plaintiff? Answer: $1,860.07 and interest on $1,800 from 12 January, 1917.

From the judgment rendered, defendant appealed.

*John H. Vernon, Manning & Kitchin for plaintiff.*
*E. S. W. Dameron, W. H. Carroll, Long & Long, and Parker & Long for defendant.*

BROWN, J. The issues explain the controversy. Plaintiff sues to recover balance due on certain notes signed Hart, Hall & Co., by A. F. Hart, alleging that defendant Hall was a member of the partnership, and as such liable for the debt. The answer denied the partnership and consequent liability.

The defendant assigns fifteen errors, but we deem it necessary to notice only a few of them, as the matter in controversy is largely a question of fact and appears to have been settled by the jury in plaintiff's favor upon evidence fully justifying their verdict. Several exceptions are taken to the rulings of the court permitting the declarations of defendant tending to prove the partnership.

The plaintiff did not offer the *declarations* of one member of a partnership made to a witness for the purpose of proving that another person was also a partner in the same firm. Such testimony would have been incompetent. *Henry v. Willard,* 73 N. C., 35.

The testimony of Thompson was to the effect that the defendant told him that he and Hart were members of the firm of Hart, Hall & Co. and had the contract together. The testimony of Hart was that he was a member of the firm, and that the defendant was the other partner.

It is undoubtedly competent to prove the declarations of an alleged member of a partnership to prove that he is in fact one of the partners. It is also competent to prove by one of the partners the personality of the partnership and who composed it. *Swygert v. Bank,* 79 S. E., 759.

The defendant excepts to the evidence of Hart as follows: "I had a letter handed me by Mr. R. J. Hall, written by Mr. A. L. Davis, cashier of the First National Bank of Burlington, N. C., stating that the firm of Hart, Hall & Co. was safe to the amount of $75,000 to $80,000. I have not this letter in my possession and cannot find it. I showed it to J. E. Morton, cashier of the First National Bank of Graham, Va., but I do not know now where it is. I have searched for it in my papers and cannot find it."

It was competent to prove the act of defendant in procuring the letter of credit in the name of the partnership. It was done to further the business of the firm and to enable Hart to borrow money in the prosecution of the partnership work. *Collins v. Smith*, 115 Mass., 388.

Several exceptions were taken to the testimony of the witness Hart that the original notes evidencing the money borrowed were not paid, but renewed, except that $280 was paid on the note of $1,000 and renewed for $720, and that the two notes of $1,500 and $300 were consolidated into one note of $1,800. This evidence was competent, for it is well settled that a renewal note is not payment of the original indebtedness unless so intended. 7 Cyc., 877; *Kidder v. McIlhenny,* 81 N. C., 123; *Hyman v. Deverux,* 63 N. C., 624; *Wilkin v. Miller,* 156 N. C., 428.

In *Terry v. Robbins*, 128 N. C., 142, the Court said: "A prior existing debt can be extinguished by the acceptance of a promissory note or bond, if it is so intended by the parties, the only question being as to proof of such intention. Generally, unless it is otherwise specially agreed, if the holder of a promissory note takes a new note for the original debt, that is *prima facie* a conditional payment only—that is, the original debt will be extinguished upon the payment of substituted note."

There is nothing in this record to take the case out of that general rule. There was evidence tending to prove that defendant caused to be inserted in a newspaper in Graham, Va., a notice signed by him and dated 8 November, 1913, to the effect that the "firm once known as Hart, Hall & Co. was dissolved 16 August, 1912, and that I have had no connection whatever with said copartnership since. This firm has had no authority or power to use my name since said date."

In his answer, the defendant denies that he was ever a member of such firm, and avers that no such partnership ever existed. The publication of such notice is competent and very strong evidence tending to contradict the averments of the answer. It is a plain admission signed by defendant that such partnership existed at one time, and that he was a member of it.

The defendant testified that in August, 1912, he wrote to plaintiff, notifying it that he was not liable for the debts of Hart, Hall & Co.; that he mailed the letter in an envelope, with a return card on outside; that the letter was never returned to him. The cashier of plaintiff testified that no such letter was ever received by the plaintiff bank. Upon this evidence the court charges: "If you shall find from the evidence in the case that the defendant wrote a letter to the plaintiff, notifying it that he had severed all connection which he had heretofore had with the firm of Hart, Hall & Co., and addressed the same to the plaintiff and

mailed it in Burlington, N. C., that this establishes *prima facie* the fact that said plaintiff received said letter in due course of the mails."

This charge states the law as settled by numerous decisions of this Court. *Trust Co. v. Bank,* 166 N. C., 112; *Mill Co. v. Webb,* 164 N. C., 87.

A careful review of the record discloses no error that justifies another trial.

No error.