L. G. WALLACE ET AL. v. MARY ANGENELIA ESTES.

(Filed 12 December, 1928.)

**Partnership—Evidence of Partnership.**

> The existence of a partnership must be shown *aliunde* the declarations of one of the members of the partnership, unless the declaration is made in the presence of the supposed partner who therein acquiesces, and the declaration of one that another was his partner, in the absence of the supposed partner and without his knowledge, is incompetent.

APPEAL by defendant from *Finley, J.,* at May Term, 1928, of CALD-WELL. New trial.

*John W. Aiken and L. S. Spurling for plaintiffs.*
*Newland & Townsend for defendant.*

ADAMS, J. · This is an action to recover the purchase price of merchandise sold by the plaintiffs to the Estes Mercantile Company. The plaintiffs alleged and the defendant denied that she was a partner in the business. In response to the issues the jury found that the defendant was not a copartner, but that she had held herself out or had permitted herself to be held out as a partner, and awarded the plaintiffs the amount demanded. The defendant excepted to the judgment and assigned several alleged errors.

J. K. Crouch, the plaintiffs' traveling salesman, was permitted to testify, subject to the defendant's exception, that W. T. Estes, the defendant's husband, told him that he (W. T. Estes) and his wife composed the Estes Mercantile Company. There was no evidence that the defendant was present when the declaration was made or that she had knowledge of it at any time. The defendant's objection to this evidence should have been sustained. In *Henry v. Willard,* 73 N. C., 35, it was said: "No principle of evidence is better established than that the declarations of a supposed partner are not admissible against the other, if made in his absence, unless the partnership is first established *aliunde.* It is true, in this case, that other evidence had been previously given, tending to establish the partnership, and perhaps sufficient to authorize the court to admit the declarations of Morris touching his acts and conduct under the partnership. But this is something altogether different from admitting declarations, the natural and only apparent effect of which was to establish the fact itself of the partnership. This fact can be established only by evidence foreign to and disconnected from the declarations of the alleged partner." See *Bank v. Hall,* 174 N. C., 477.

As suggested in the opinion incompetent declarations may be made competent for a special and particular purpose. An illustration of such special purpose is the admission of one declaration for the purpose of contradicting another. It is contended by the plaintiffs that the evidence of the witness Crouch was admitted only for the purpose of showing that the defendant knew that she was being held out as a member of the firm. It is stated, however, that it was admitted for the further purpose of corroborating the plaintiffs' theory that the defendant was a member of the mercantile company. We do not perceive how the defendant could know by reason of the declaration objected to that she was being held out as a member of the firm unless she had knowledge of it. To say that the evidence was competent for the purpose of

corroborating the plaintiffs' theory is in effect to say that the evidence was competent for the purpose of showing that the defendant was a member of the firm.

There are other exceptions which would call for serious consideration but for the probability that they will not arise upon a second trial.

There was no error in denying the motion for nonsuit.

New trial.