BANK OF CLINTON v. GOLDSBORO SAVINGS AND TRUST COMPANY.

(Filed 22 October, 1930.)

1. **Bills and Notes B b—Evidence that note was transferred by endorsement held sufficient.**

Where the maker of a promissory note arranges with a bank to take up the note, the endorsement from the payee is some evidence of a transfer of the note, which, taken with other evidence in this case, is sufficient to be submitted to the jury on the question of its bargain and sale.

2. **Mortgages H l—In this case holder of mortgage note was entitled only to pro rate with holders of other notes in proceeds from foreclosure.**

Where a deed of trust on lands secures several notes in a series payable at different dates, and provides for acceleration upon the failure to pay any note or interest when due, and the trust deed is foreclosed upon the failure to pay one of the notes at maturity, a holder of one of the prior notes by endorsement without recourse is not entitled to payment in full from the proceeds of the foreclosure sale, but only to a *pro rata* payment with the holders of the other mortgage notes.

3. **Mortgages C e—Holder of note reciting that it was secured by mortgage is charged with notice of all that registry disclosed.**

Where upon its face a negotiable note refers to a deed of trust securing it, a purchaser is put upon notice of the terms of the mortgage showing that the note was one of a series and providing for acceleration of maturity of all the notes upon default in the payment of any one of them.

APPEAL by defendant from *Grady, J.,* and a jury, at March Term, 1930, of DUPLIN. Modified and affirmed.

The judgment of the court below was as follows: "This cause, coming on to be heard, and the jury having returned the following verdict: (1) Did the Bank of Clinton purchase the $2,000 note of J. O. Bizzell from the defendant, and pay for the same, as alleged in the complaint? Answer: Yes. (2) Was the note so purchased the first in the series of

unpaid notes to mature, as alleged in the complaint? Answer: Yes. And the defendant having admitted in open court that it held three notes of J. O. Bizzell, each in the sum of $2,000, all secured by mortgage deed on lands in Wayne County; that said lands have been sold under foreclosure, and that it brought $3,500, which money the defendant now has in hand, and the court being of the opinion that the plaintiff, the transferee of said first maturing note is entitled to priority and preference over defendant's transfer to the extent of the amount due on said note, in accordance with the rulings in *Whitehead v. Morrill,* 108 N. C., p. 68, and *Etheridge v. Vernoy,* 74 N. C., 800, it is now ordered and adjudged that the plaintiff recover of the defendant the sum of one thousand and five hundred ($1,500) dollars, with interest on the same from 10 December, 1926, together with the costs of the action to be taxed by the clerk."

The necessary facts will be set forth in the opinion.

*R. L. Herring and Butler & Butler for plaintiff.*
*E. A. Humphrey and George R. Ward for defendant.*

CLARKSON, J. On 16 August, 1922, J. O. Bizzell and wife, Iola Bizzell, made and executed a mortgage on certain land to Mary F. Edwards, executrix, which on 28 August, 1922, was duly recorded in the office of the register of deeds of Wayne County, N. C. The mortgage was to secure $11,000, as follows: $1,000 due on or before 1 January, 1923; $2,000 due on or before 1 January, 1924; $2,000 due on or before 1 January, 1925; $2,000 due on or before 1 January, 1926; $2,000 due on or before 1 January, 1927; $2,000 due on or before 1 January, 1928.

The following provision is in the mortgage: "But if default shall be made in the payment of said notes, or either of them or the interest on the same, or any part of either at maturity, then and in that event, all of said notes shall become due, and it shall be lawful and the duty of said party of the second part to sell said land hereinbefore described, to the highest bidder, for cash, at the courthouse door in Wayne County, first advertising the same for thirty days in some newspaper published in Wayne County, and convey the same to the purchaser in fee simple, and out of the moneys arising from said sale to pay said notes and interest on the same, together with costs of sale, and pay any surplus, if any, to said parties of the first part, or their legal representatives."

All the notes have been paid except $5,500, which were transferred to defendant bank, as trustee for the estate of Mr. Edwards by Mrs. Mary F. Edwards, executrix. The controversy is over the following note:

"$2,000.                                        GOLDSBORO, N. C.

On or before 1 January, 1926, we promise to pay Mary F. Edwards, executrix, the sum of two thousand dollars, with interest from date, at the rate of six per cent per annum, payable annually, for value received. This note is secured by mortgage deed on real estate of even date. This 16 August, 1922.

                                        J. O. BIZZELL.      (Seal.)
          Witness: Z. T. BROWN.          IOLA BIZZELL.      (Seal.)"

Five hundred dollars was paid on this note on 2 January, 1926. The defendant was pressing J. O. Bizzell for the balance due on the note of $1,500 and interest. Bizzell made arrangements with plaintiff bank to take up the note from defendant bank. This was done on 11 October, 1926, Bizzell paying plaintiff bank the interest, $85. No part of the $1,500 has been paid the plaintiff bank by Bizzell. The contention of plaintiff on the first issue was to the effect that it had purchased from defendant the $2,000 note, balance due on same $1,500. This was denied by defendant, the defendant claiming that the plaintiff paid the note for Bizzell and the money sent defendant bank, $1,570 by plaintiff bank, was a payment of the note.

It was admitted that the note in controversy was not canceled by defendant bank, but "transferred without recourse" by the president of defendant bank, and plaintiff sent defendant the principal and interest due on the note, $1,570. The defendant contends that there was no evidence to go to the jury as to the bargain and sale of the note. We cannot so hold. We think the transfer on the note, with other evidence, sufficient to be submitted to the jury. We think it unnecessary to set forth the evidence.

The main contention, and only one we think material: Would the purchaser, taking without recourse from the assignee of a series of notes secured by mortgage, the first in the series of unpaid notes due and others to mature, be entitled to payment in full by the trustee selling in default under the terms of the mortgage, to the prejudice of the other notes in the series, or should the note share *pro rata?* We think under the terms of the mortgage and the facts and circumstances of the case, the notes share *pro rata.*

Including the $1,500 in controversy, the two last notes due 1 January, 1927, and 1 January, 1928, each for $2,000 are unpaid, making a total of $5,500. The land was sold under the mortgage on 23 May, 1927, in accordance with its terms, and purchased by defendant trustee for $3,500, and deed made to it 17 June, 1927.

In *Raper v. Coleman,* 192 N. C., at p. 235, speaking to the subject: "Our conclusion is in agreement with former decisions of this Court. In

*Kitchin v. Grandy,* 101 N. C., 86, it is said that where several notes due at different dates are secured by a mortgage or deed in trust wherein it is provided that upon default in the payment of any one of them the mortgagee or trustee may sell, and he does sell after the first note is due and before the maturity of the others, the proceeds must be applied ratably to all the notes remaining unpaid. To the same effect is *Whitehead v. Morrill,* 108 N. C., 65."

It is contended by plaintiff "The transferee of said first maturing note is entitled to priority and preference over defendant's transferer to the extent of the amount due on said note, and in accordance with the rulings in *Whitehead v. Morrill,* 108 N. C., p. 68, and *Etheridge v. Vernoy,* 74 N. C., 800." We cannot so hold under the facts and circumstances of the case. It is admitted that defendant was the owner of the three notes by transfer from the payee, Mary F. Edwards, executrix. Defendant transferred the note due 1 January, 1926, of $2,000, balance due on same $1,500, to plaintiff "without recourse." The note on its face showed "This note is secured by mortgage deed on real estate of even date." Plaintiff had notice from this of the terms of the mortgage. *Wynn v. Grant,* 166 N. C., 45; *Mills v. Kemp,* 196 N. C., 309.

In 20 R. C. L., "Notice," p. 353: "Where a person is charged with notice, or actually knows, of an instrument, he is also charged with notice of all facts appearing on the face of the instrument or to the knowledge of which anything there appearing would conduct him."

Plaintiff became bound by the terms of the mortgage. In matters of this kind, parties may contract as they see fit, but the sale by defendant to the plaintiff of the note gave him, under the terms of the mortgage, a right to *pro rate* and no more. If defendant had endorsed the bond, nothing else appearing, it may be it might then be liable as an endorser, but it did not do this. The note was signed "without recourse," and it shared with defendants' notes, under the terms of the mortgage, on a *pro rata* basis. The facts are meagre in the *Etheridge case, supra,* and we cannot find where it has ever been cited.. It may be noted in that case the bond was assigned, but not "without recourse," and the provisions of the mortgage are not set forth.. The dictum in the *Whitehead case* is as follows: "If the payee himself held the later bonds unassigned, in a contest between him and the holder of the earlier bonds assigned by him, the assignees of the earlier bonds would be entitled *to be paid in full by virtue of the liability by reason of the endorsement."* (Italics ours.) But the endorsement here was "without recourse."

The dictum in the *Whitehead case,* under the provision in the mortgage and facts in the present case, is not contrary to the position here taken. It may be noted that the able counsel for plaintiffs in the first complaint prayed "Judgment against the defendants in the sum of

$954.54, with interest thereon from 4 June, 1927 (date of sale 23 May, 1927), that said sum be declared a trust fund in the hands of defendants and that they be required to pay the same over to plaintiff, together with the costs of this action." This prayer was for the *pro rata* amount.

In the amended complaint they pray for judgment against the defendant for the sum of $1,500, etc. Matters of this kind are largely contractual and on the facts of this case we think the fund from the mortgage sale should be prorated.

For the reasons given, the judgment of the court below is

Modified and affirmed.