F. D. CLINE PAVING COMPANY v. SOUTHLAND SPEEDWAYS, INC., G. F. PENNY, J. A. MORGAN, ARCHIE FLEMING, JR., C. C. TRIPLETT AND JOHN W. GRIFFIN.

(Filed 20 May, 1959.)

**1. Bills and Notes § 8—**

The payee of a note is not called upon to elect whether to pursue his remedy against the maker or against the endorsers, but is entitled to call on the maker to pay the full amount of the debt and thereafter call upon the endorsers to pay any unpaid balance.

**2. Same— Acceptance by payee of note of third person does not discharge endorsers on original note in absence of intent that second note should constitute payment.**

A creditor, secured by a lien on the debtor's realty, and holding a note, endorsed by defendants, for part of the debt, joined in receivership proceedings participated in by the endorsers. The purchaser at the receiver's sale gave notes to the creditors, secured by deed of trust, and the liens were canceled of record. Upon default of the purchaser, a corporation was created by the holders of the purchaser's notes and stock issued in the corporation to each creditor. The maker thereafter sold its stock for one half the amount of the original debt. The court found there was no intent on the part of the maker to accept the purchaser's note or the stock in the corporation as payment. *Held:* The maker may hold endorsers liable for the balance due on the note, there having been no voluntary surrender by the payee of the lien against the maker's property, but the amount realized from the sale of the stock must be applied to the debt secured by the lien pro rata to that part represented by the note and that part not embraced in the note.

**3. Payment § 9—**

Payment is an affirmative defense which must be established by the party claiming its protection.

**4. Payment §§ 7, 8—**

Where a lienholder accepts a chose in action in the sale of the debtor's property by the receivers, discharging the liens, the amount realized upon sale of the chose is not a voluntary payment by the debtor, and the debtor is not entitled to direct the application of the payment, nor is the creditor entitled to do so upon failure of the debtor to make such direction, but the payment must be applied equally to all debts secured by the lien.

APPEAL by defendants Penny, Morgan, Fleming, and Griffin from *Fountain, S. J.,* September 1958 "A" Civil Term of WAKE.

Plaintiff bases its cause of action on a negotiable note dated 14 June 1952, payable to it on demand, in the sum of $15,000, with interest from its date. Corporate defendant, hereafter designated as Speedways, is the maker. It did not answer. The individual defendants are endorsers and are hereafter designated as defendants. The complaint alleges a balance owing of $5,000 and interest. Defendants plead payment.

A jury trial was waived. Based on the evidence offered, including stipulations of the parties, the court found facts which, summarily stated, follow:

Plaintiff in June 1952 did work for Speedways to the value of $43,342. During the course of the work the note sued on was executed. While the work was in progress Speedways paid plaintiff $25,000. Plaintiff credited $10,000 of the payment on the note. This left a total

balance owing plaintiff on account of the work done for Speedways of $18,342, which included the balance shown by the note.

Creditors of Speedways, including plaintiff, claimed liens for work done. Receivers were appointed for Speedways in an action begun by its creditors. Acting under court order, the receivers offered Speedways' properties for sale. They received two offers: one for $100,000 cash; the other from James F. Chestnutt to (a) pay in cash a mortgage amounting to $28,000 which had priority over creditors in the class with plaintiff, (b) pay $827.25 owing the State of North Carolina, and (c) give notes to plaintiff and other preferred creditors for a total of $166,493.99, this being the aggregate amount owing to such creditors, the notes to be secured by mortgage on the properties to be conveyed by the receivers.

The receivers notified creditors of the offer and a hearing to be had thereon. At a hearing in January 1953 Judge Harris, finding all creditors were present with none objecting to the acceptance of the Chesnutt offer, directed a sale to him. Defendants participated in the receivership proceedings.

Pursuant to the order the properties were conveyed to Chesnutt. He executed his notes to the creditors including a note to plaintiff for the full amount owing to it, to wit, $18,342. The notes were secured by Chesnutt's deed of trust. Plaintiff's lien was cancelled of record but it did not surrender the note sued on.

Chesnutt defaulted in the payment of his notes. His deed of trust was foreclosed and the properties purchased by Capital Investment Company, a corporation created by the holders of the Chestnutt notes. The purchase price named in the deed to Capital Investment Company represented approximately 70% of the amount owing to each of the creditors, and each was issued stock in that corporation for his pro rata share.

Defendants plead the acceptance of the Chesnutt notes as a payment and the acceptance of the stock in Capital Investment Company as a payment. The court found: "There is no evidence that the plaintiff intended any of the transactions recited above, including the acceptance of the note from James F. Chestnutt, and the stock of Capital Investment Company or its subsequent sale, to be a discharge of the original note."

Plaintiff sold its stock in Capital Investment Company for $9171, one-half of the amount owing by Speedways when the receivers were appointed and plaintiff's lien claim matured. This was the fair value at the time of sale.

Based on the findings, the court concluded plaintiff was entitled to

recover the $5,000 balance on the note with interest and entered judgment accordingly.

Defendants excepted to the findings of fact relating to payment, the conclusions of law, and appealed.

*Ruark, Young, Moore & Henderson for plaintiff, appellee.*
*Hoffler & Mount for defendant, appellants.*

RODMAN, J. Appellants contend: (1) The filing of the lien and claim with the receiver for $18,342 was an election to release them, which now bars plaintiff's right to proceed against them; (2) the acceptance of the Chesnutt note was a payment of the note endorsed by them; and (3) if the acceptance of the Chesnutt note did not discharge their obligation, the acceptance of the stock in Capital Investment Company was a payment and discharge.

None of these contentions rests on a solid foundation. Speedways was the real or primary debtor; defendants were only secondarily liable. The mere fact that the creditor called on the party primarily liable and sought to compel it to pay the full amount of its debt is not inconsistent with the creditor's right to thereafter call upon the party secondarily liable to discharge his obligation. Since there was no inconsistency in plaintiff's procedure, it was not called upon to make an election as to the remedy sought. *Thomas v. College,* 248 N.C. 609, 104 S.E. 2d 175; *Carrow v. Weston,* 247 N.C. 735, 102 S.E. 2d 134; *Surratt v. Insurance Agency,* 244 N.C. 121, 93 S.E. 2d 72; *Baker v. Edwards,* 176 N.C. 229, 97 S.E. 16.

Payment is an affirmative defense, which must be established by the party claiming its protection. *Finance Co. v. McDonald,* 249 N.C. 72. Defendants' plea of payment, if sustained, would require us to hold that a creditor who accepts from his debtor the obligation of a third person takes it in payment, releasing the debtor from his obligation irrespective of the intent with which the new obligation is assigned and accepted. The law is otherwise. It is, we think, correctly stated by *Clark, C. J.,* in *Grady v. Bank,* 184 N.C. 158, 113 S.E. 667: "The note of a third person given for a prior debt will be held a satisfaction, where it was agreed by the creditor to receive it absolutely as payment, and to run the risk of its being paid. The onus of establishing that it was so received is on the debtor. But there must be a clear and special agreement that the creditor shall take the paper absolutely as payment or it will be no payment if it afterwards turns out to be of no value. A receipt in full of an account does not establish an agreement on the part of the creditor to accept as absolute payment at his

own risk the note of a third person for the debt." *Bank v. Hall*, 174 N.C. 477, 93 S.E. 981; *Terry v. Robbins*, 128 N.C. 140; 70 C.J.S. 240; 40 Am. Jur. 786.

Here the court has found there was no intent to take in payment. The fact, as stipulated, that defendants as well as plaintiff participated in the receivership proceeding without protest to the charge in form of creditors' claims against the properties of Speedways supports the finding and negatives the plea of payment.

The findings establish a partial discharge of Speedways indebtedness to plaintiff. This payment was not a voluntary payment made by Speedways as to which it could direct its application, or which, in default of such direction, would permit the creditor to apply as may be most advantageous to it.

The payment came as the result of a lien on Speedways' property. G.S. 44-1. That lien applied with equal force to each part of Speedways' debt. When defendants, by endorsing the note, became in effect guarantors for Speedways, they became to that extent entitled to the protection of the statutory lien. If plaintiff had voluntarily surrendered the lien and thereby deprived defendants of its protection, they could have pleaded that act as a defense. *Bank v. Nimocks*, 124 N.C. 352; *Bell v. Howerton*, 111 N.C. 69; 8 Am. Jur. 471.

The statutory lien by virtue of which plaintiff has received partial payment is analogous to a mortgage securing several notes, some of which are endorsed. The proceeds derived from its enforcement must be applied ratably to the debts secured. *Kitchin v. Grandy*, 101 N.C. 86; *Whitehead v. Morrill*, 108 N.C. 65; *Demai v. Tart*, 221 N.C. 106, 19 S.E. 2d 130; *Madison Nat. Bank v. Weber*, 158 N.E. 543, 60 A.L.R. 199; *Orleans County National Bank v. Moore*, 3 L.R.A. 302; *Fielder v. Varner et al.*, 45 Ala. 429; *Bergdoll v. Sopp*, 76 A. 64; *Hargis Bank & Trust Co. v. Gambill*, 28 S.W. 2d 769; *Bancroft v. Granite Savings Bank & Trust Co.*, 44 A. 2d 542.

Plaintiff, utilizing that portion of the lien which protected defendants as endorsers, has received payment of one-half, exclusive of interest, of the total debt owing to it. Appellants are entitled to have the monies received from the sale of Capital Investment Company stock applied proportionately to all of Speedways' debt—both the part represented by the note and the part not so evidenced. The judgment of the Superior Court fixing the liability of appellants will be modified to conform to this opinion, and as so modified is affirmed.

Modified and Affirmed.