MYRTLE ISOM ADAMS v. H. P. TAYLOR, TRUSTEE FOR THE CHASE MAN-
    HATTAN BANK AND THE GOODYEAR MORTGAGE CORPORATION,
    AND THE CHASE MANHATTAN BANK AND THE GOODYEAR MORT-
    GAGE CORPORATION.

(Filed 23 November, 1960.)

1. **Judgments § 34:  Eminent Domain § 14—**

Where judgment in condemnation proceedings of a part of a mortgaged
tract of land provides by consent that the compensation should be applied
to the mortgage indebtedness, the parties are bound by the judgment.

2. **Payment § 3—**

Where judgment in proceedings condemning a part of a mortgaged
tract of land directs that the amount of compensation recovered should
be applied to the mortgage indebtedness, the payment is not voluntary,
and neither the mortgagor nor mortgagee is entitled to direct the appli-
cation of payment, but the court should so do in accord with intrinsic
justice and equity.

3. **Same:  Eminent Domain § 14:  Mortgages § 16½—**

Where part of a mortgaged tract of land is condemned and the judg-
ment directs that the compensation be applied to the reduction of the
mortgage indebtedness, evidenced by a single note payable in a specified
number of monthly installments, the payment should be applied so as
to disturb the contractual rights and obligations of the parties no further
than necessary, and therefore should not be used to reduce the number
of installments or to shorten the time for payment, but the amount
of the monthly payment required to discharge the indebtedness, prin-
cipal and interest, in the contractual time, should be recomputed on
the basis of the debt as thus reduced.

4. **Mortgages § 19—**

Where there is dispute as to the amount of the monthly payments
necessary to discharge the mortgage indebtedness in accordance with the
rights of the parties under the contract, foreclosure is properly en-
joined when the holder of the note demands monthly payments in excess
of that to which he is entitled, and upon computation of the correct
amount of the monthly payments, the mortgage debtor will be given a
reasonable time to pay the installments then due.

APPEAL by defendants from *Phillips, J.,* June 1960 Term, of ANSON.

On 3 March 1953 plaintiff and her husband borrowed $7,400 from
Goodyear Mortgage Corporation. As evidence of the debt so created
they executed a note for that sum bearing interest at 4% per annum.
By the terms of the note the amount borrowed and interest to accrue
were payable in 300 equal monthly installments beginning 1 May
1953 and ending 1 April 1978.

Contemporaneously with the execution of the note and to secure
payment thereof, plaintiff and her husband executed a deed of trust

on a house and lot owned by them. The deed of trust recites the debt, execution of the note, and the method of payment. It authorizes the creditor to accelerate the time for payment and to require foreclosure of mortgagor's equity of redemption upon default in payment of any monthly installment. The note was sold by Goodyear Mortgage Corporation to Chase Manhattan Bank.

In October 1954 plaintiff became the sole owner of the property described in the deed of trust.

The North Carolina State Highway Commission took for highway purposes a portion of the land described in the deed of trust. Plaintiff and the trustee in the deed of trust thereupon filed a petition to have the value of the portion taken judicially determined. At the June 1958 Term of Anson Superior Court judgment was entered fixing the fair compensation at $2,925. The judgment as originally entered in that proceeding provided: "That the sum of TWO THOUSAND NINE HUNDRED TWENTY-FIVE DOLLARS ($2,925.00) be paid by the Clerk to the Chase Manhattan Bank of New York City to be applied by them upon that indebtedness which is secured by a Deed of Trust to T. L. Caudle, Trustee for the Goodyear Mortgage Corporation . . ." This judgment was by consent modified as to the amount to be paid to Chase Manhattan Bank, reducing the amount so to be paid to $2,425, the remaining $500 to be paid to counsel for petitioners for his services. The court did not then direct the manner in which the payment should be applied.

On 24 July 1958 the sum of $2,425 was paid to Chase Manhattan Bank. Payments made by plaintiff sufficed to discharge all monthly payments accruing on or prior to 1 August 1958.

Plaintiff, insisting that the amount received in the condemnation proceeding should be used to discharge the monthly payments as they accrued, declined to make further monthly payments until that amount had been consumed. The Bank insisted upon payment of $39.06, the amount stated in the note.

Defendant Taylor was, at the instance of the Bank, substituted as trustee. The Bank declared a default and caused the property to be sold in April 1959, at which time defendant Chase Manhattan Bank was the highest bidder. Plaintiff, alleging that the fair market value of the property at the time of foreclosure was $6,500, sought and obtained a restraining order enjoining consummation of the sale. At the hearing before Judge Phillips, the right to foreclose was made to turn upon the question of whether plaintiff was compelled to continue making monthly payments of $39.06 until the unpaid balance was paid, or whether she had a right to require the application of

the $2,425 to the monthly payments to accrue until that sum had been exhausted. Judge Phillips held that plaintiff had a right to require the application of the monies received from the condemnation proceeding to discharge monthly installments thereafter accruing until that sum had been exhausted. He enjoined consummation of the foreclosure sale. Defendants excepted and appealed.

*Ottway Burton for plaintiff, appellee.*
*Taylor, Kitchin & Taylor for defendant, appellant.*

RODMAN, J.　It is not necessary to determine whether, as defendant Bank argues, it, as mortgage creditor, had merely a lien on the monies which the Highway Commission was required to pay, *Liverman v. R. R.*, 109 N.C. 52; or, as mortgage creditor, it was required to apply the monies so paid to reduce the debt secured by the mortgage, *Bonner v. Styron*, 113 N.C. 30. It is sufficient for the purpose of this appeal to note that the judgment fixing the compensation required the application of that sum to plaintiff's debt. The trustee, representing the Bank as mortgage creditor, was a party to that proceeding. The provision requiring application to the debt was inserted by consent. That provision of the judgment cannot now be challenged.

The payment made by the Highway Commission was not a payment voluntarily made by the debtor. The taking of the land was over the protest of debtor and creditor. Compensation for the taking was enforced by judicial proceeding. Since the payment was not voluntary, the debtor had no right to direct how it should be used, nor did the creditor have that right. *Paving Co. v. Speedways*, 250 N.C. 358, 108 S.E. 2d 641; *McSween v. Windham*, 89 S.E. 500; *Citizens & Southern Bank v. Armstrong*, 95 S.E. 729; *In re Cunningham's Estate*, 142 N.E. 740; 70 C.J.S. 256, 40 Am. Jur., 811. Since neither debtor nor creditor had a right to direct the manner in which the payment should be used, it became the duty of the court to direct application so as to accord with "intrinsic justice or the equity of the case." *Power Co. v. Clay County*, 213 N.C. 698, 197 S.E. 603; *Stone Co. v. Rich*, 160 N.C. 161, 75 S.E. 1077.

What is the intrinsic justice or equity of this case? The answer is to be found in the contract made in 1953 between plaintiff and Goodyear Mortgage Corporation. It then loaned plaintiff $7,400. The debt carried interest at the rate of 4% per annum. It was then agreed that plaintiff might repay this loan with interest to accrue thereon in 300 equal consecutive monthly installments, the first install-

ment being payable 1 May 1953. These installments would, as paid, decrease the amount of the principal debt by the monthly reduction in accrued interest. The amount of $39.06, fixed as the monthly payment, was a mere mathematical computation of the amount necessary to make payment in the time agreed. The creditor had no right to shorten the time for payment unless the debtor defaulted.

The act of the Highway Commission in taking part of the mortgage security should not be permitted to impair the contractual rights and obligations of the parties further than necessary. Where there is foreclosure of a mortgage securing several notes, the law requires rateable application of the proceeds to all of the notes thereby secured. *Demai v. Tart,* 221 N.C. 106, 19 S.E. 2d 130; *Bank v. Trust Co.,* 199 N.C. 582, 155 S.E. 261; *Whitehead v. Morrill,* 108 N.C. 65; *Kitchin v. Grandy,* 101 N.C. 86. The taking by the Highway Commission may, we think, be treated as a partial foreclosure. If plaintiff's debt had been made payable in 300 notes, one due each month, the proceeds from any foreclosure would have to be applied proportionately on each note. We conceive of no reason which changes this rule merely because the debt is evidenced by a single note payable in installments rather than in separate notes.

The payments voluntarily made by plaintiff sufficed to discharge the installments due on and prior to 1 August 1958. She had voluntarily paid 64 installments, reducing the debt by the amount of principal included in each of these installments. By the contract (note and deed of trust) she had the right to discharge the balance of the debt in 236 monthly installments. On 24 July 1958 there was an involuntary payment of $2,425 as directed by the decree of condemnation. No reason is suggested why this payment should diminish the time and reduce the number of installments fixed for plaintiff to pay when the loan was made. When the balance owing on 1 August 1958 is ascertained by deducting all payments, voluntary and involuntary, the amount of plaintiff's debt as of that date is fixed. By contract she has 236 months in which to make payment of this principal. How much it is necessary for her to pay each month to discharge that sum, with the interest to accrue thereon, by 1 April 1978 is a mere matter of mathematical computation. The discharge of her debt by monthly payments in the amount so ascertained accords with the intent of the parties when the loan was made and is therefore the equity of this case.

Plaintiff had no right to demand that she be permitted to use any part of the security to pay interest to accrue many months in the future. Defendant had no right to insist on shortening the time

fixed by contract for payment. The attempted foreclosure was properly enjoined because of the wrongful demands by defendants for excessive monthly payments.

The cause is remanded for computation of the amount to be paid monthly to discharge the debt not later than 1 April 1978. Plaintiff will be entitled to credit on the monthly payments so ascertained the $44 she paid 27 October 1958 and the $30 she paid 19 January 1959. She will be allowed a reasonable time after the computation has been made to pay the installments then due.

The cause is remanded to the Superior Court to modify and correct the judgment in accordance with this opinion.

Modified and affirmed.